UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN G. BRYANT,

        Plaintiff,

v.                                 CASE No. 8:18-cv-1503-T-TGW

ANDREW SAUL, Commissioner of the
Social Security Administration,[1]

        Defendant.

_____

### O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence, and the plaintiff does not identify reversible error, the decision will be affirmed.

### I.

The plaintiff, who was fifty-one years old at the time of the administrative hearing, and who has a high school education, has past work as a scan price clerk, administrative coordinator and produce clerk (Tr. 60–61,

---

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

184). She filed a claim for Social Security disability benefits, alleging that

she became disabled due to rheumatoid arthritis, hyperglycemia and high liver

enzymes (Tr. 70). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, received a de novo hearing before

an administrative law judge. The law judge found that the plaintiff has a

severe impairment of rheumatoid arthritis (Tr. 22). She concluded (Tr. 23):

> [T]he [plaintiff] has the residual functional
> capacity to perform light work as defined in 20
> CFR 404.1567(b), with frequent, bilateral
> pushing/pulling with the upper extremities. The
> claimant can frequently handle and finger
> bilaterally with the upper extremities. She cannot
> climb ladders, ropes or scaffolds, and can
> occasionally climb ramps and stairs. The claimant
> can frequently stoop, kneel, crouch, and crawl, as
> well as tolerate frequent exposure to extreme cold
> and vibration.

The law judge, based on the testimony of a vocational expert, determined (Tr.

26):

> The [plaintiff] is capable of performing past
> relevant work as a price scanner/ma[r]ker, both as
> performed by the claimant and as generally
> performed in the national economy. The claimant
> is also capable of performing past relevant work as
> a supermarket administrative coordinator, as
> performed by the claimant. All of this work does
> not require the performance of work-related

> activities precluded by the claimant's residual
> functional capacity (20 CFR 404.1565).

The law judge therefore decided that the plaintiff was not disabled through the date of the decision (Tr. 27).

The plaintiff then sought review from the Appeals Council (see Tr. 1). The Appeals Court received as additional evidence the plaintiff's "Request[s] for Review of Hearing Decision Order with Representative Brief" (Tr. 5). The Appeals Council denied the request for review, stating that "[w]e found that the reasons do not provide a basis for changing the Administrative Law Judge's decision" (Tr. 1). Accordingly, the Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (id.).

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical,

-3-

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues that the law judge did not give appropriate weight to the opinion of her treating rheumatologist, Dr. Jeffrey L. Kaine, and that the Appeals Council did not comply with Social Security Ruling 11-1p (Doc. 21, pp. 5, 9). Neither contention has merit.

A. Dr. Kaine was the plaintiff's treating rheumatologist throughout the alleged disability period. On December 20, 2014, and September 15, 2015, Dr. Kaine completed on the plaintiff's behalf Physical Capacities Evaluations (PCEs) (Tr. 363, 271). Significantly, the plaintiff only

referred to the September 15, 2015, opinion. Since the Scheduling Order and Memorandum Requirements direct that any challenges "must be supported by citations to the record of the pertinent facts," a challenge relating to the opinion of December 20, 2014, is forfeited (Doc. 12, p. 2).[3] Regardless, the reasons the law judge gave for discounting the September 15, 2015, opinion apply as well to the December 20, 2014, opinion.

The PCEs are checklist forms. Dr. Kaine indicated, with check marks and circles, his opinion of the plaintiff's capabilities to sit/stand/walk, use her hands and the weight she could lift/carry (Tr. 271, 363). Specifically, Dr. Kaine opined in his September 2015 evaluation that the plaintiff, in an eight-hour day, could sit only for two hours, stand/walk for two hours, and occasionally lift/carry up to 20 pounds (Tr. 363). Dr. Kaine opined further that the plaintiff could "use [her] hands adequately" to do simple grasping and fine manipulation, but checked "no" to "repetitive motion tasks" (id.). Thus, Dr. Kaine essentially opined that the plaintiff was disabled from working.

---

[3]On March 8, 2016, Dr. Kaine gave another opinion of the plaintiff's functioning in a one-question form that inquired, "[D]o you believe that [the claimant] retained the capacity to perform substantial gainful activity on a sustained basis at any exertional level for 8 hours per day, 40 hours per week for 50 weeks per year before October 2015" (Tr. 372). Dr. Kaine circled "No," stating as the basis for his opinion that "[the plaintiff] states fatigue and worsening pain" (Tr. 372). The law judge discounted this opinion, and that determination also is not challenged, or even mentioned, by the plaintiff.

The law judge rejected the opinions of Dr. Kaine, while noting the opinion of non-examining reviewer Dr. Efren Baltazar, who opined, after reviewing the record, that the plaintiff could perform a reduced range of light work (Tr. 25). In this regard, the law judge explained (id.):

> [T]here are three opinions from Dr. Kaine in the file, at Exhibits 2F, 6F, and 7F. Each suggest[s] the claimant cannot sit, stand, and/or walk a combined total of eight hours, though each opinion comes with absolutely no discussion of the evidence supporting each opinion. The opinions, thus, are conclusory. For that matter, the opinions are not only internally weak and unsupported, the rest of the evidence discussed above shows that the opinions are also not supported by the record evidence as a whole. For these reasons, the Administrative Law Judge gives Dr Kaine's assessments at Exhibits 2F, 6F, and 7F.[4] Nevertheless, Dr. Kaine has conceded the claimant is capable of lifting/carrying up to 20 pounds occasionally (Exhibits 2F and 6F). State agency consultant Efren Baltazar, M.D., too noted such abilities, as well as an overall ability to perform a reduced range of light work (with certain nonexertional limitations to account for the rheumatoid arthritis and modest issues with pain/swelling in the joints)(Exhibit 4A). While Dr. Baltazar's opinion came nearly two years prior to

---

[4]This sentence was not completed. However, it is implicit in the law judge's findings that she gave little or no weight to Dr. Kaine's opinions regarding sitting, standing and walking. The plaintiff does not challenge this mistake. See also Carson v. Commissioner of Social Security, 373 Fed. Appx. 986, 989 (11th Cir. 2010) (no error because the weight afforded a physician's opinion was implicit in the decision).

the date of this decision, he offered a detailed assessment of the evidence available for review at that time, and there has been little change in this pattern of treatment and examination signs/findings. For these reasons, the undersigned finds that the claimant is capable of a reduced range of light [work] consistent with the State agency opinion at Exhibit 4A.

Furthermore, the law judge stated (id.):

Returning to the nonmedical evidence, the undersigned notes the fact that, during the period at issue, the claimant was able to help her 16-year-old son with schoolwork, prepare simple meals, drive a car, shop for groceries, pay bills, count change, handle bank accounts, etc. (Exhibits 4A and 5E). To reiterate, the medical evidence in early 2014 indicates the claimant was walking at least 12 miles a week. In late November 2014, Dr. Kaine's record further note[s] the fact the claimant had recently returned from a trip to the Carribean (Exhibit 3F). Finally, in August 2015, the doctor noted the claimant's recent travels to Las Vegas, Biloxi, and St. Croix (Exhibit 6F). These facts, coupled with the modest clinical signs/findings noted by Drs. Kaine and [Pascal] Bordy, only further support a finding of non-disabling limitations secondary to the rheumatoid arthritis.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Hargress v. Social Security Administration, Commissioner, 883 F.3d 1302, 1305 (11th Cir. 2018). Good cause exists when the treating physician's

opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Id. The court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as [s]he articulates a specific justification for it." Hunter v. Social Security Administration, Commissioner, 808 F.3d 818, 823 (11th Cir. 2015).

The law judge stated good cause for discounting Dr. Kaine's opinions of extreme functional limitations, and that determination is supported by substantial evidence. As the law judge stated, Dr. Kaine's opinions were conclusory, "with absolutely no discussion of the evidence supporting each opinion" (Tr. 25). The conclusory nature of Dr. Kaine's opinions is, in itself, a recognized basis for discounting a treating physician's opinions. See Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987); Burgin v. Commissioner of Social Security, 420 Fed. Appx. 901, 903 (11th Cir. 2011) (The adjudicator "was free to give little weight to the conclusory assertions contained in the questionnaires because they merely consisted of items checked on a survey, with no supporting explanations.").

Furthermore, the PCE is essentially useless concerning the plaintiff's manipulative functioning because it does not state, in quantitative

terms, the frequency with which the plaintiff could use her hands and fingers (see Tr. 363). Thus, the questions are phrased in absolute terms (i.e., "YES" or "NO"). For example, Dr. Kaine checked "NO" for repetitive motions tasks. However, if Dr. Kaine meant that the plaintiff could never do tasks involving repetitive motion, that opinion is clearly not supported by the record. Additionally, Dr. Kaine checked "YES" regarding the plaintiff's ability to do simple grasping and fine manipulation, which indicates that the plaintiff could do these activities throughout the eight-hour workday. There is no support for that opinion, either. Consequently, the law judge did not err in discounting Dr. Kaine's opinions because they were conclusory, and the opinions regarding the plaintiff's manipulative functioning were also ambiguous. Johns v. Bowen, supra, 821 F.2d at 555; Burgin v. Commissioner of Social Security, supra, 420 Fed. Appx. at 903.

Additionally, the law judge found that "the treating source records from rheumatologist Jeffrey L. Kaine, M.D., do not at all support a finding of disabling limitations" (Tr. 24). The lack of supporting treatment records also states good cause for discounting a treating physician's opinion. See Barclay v. Commissioner of Social Security Administration, 274 Fed. Appx. 738, 740 (11th Cir. 2008) (lack of supporting medical records may be

considered in rejecting the treating physician's opinion); Vesy v. Astrue, 353

Fed. Appx. 219, 223 (11th Cir. 2009) (rejecting treating physician's opinion

when his treatment notes did not suggest the claimant was as limited as he

opined later).

The law judge gives a lengthy and detailed explanation for the

finding of lack of supporting evidence (Tr. 24):

> By March and April 2014 - just a few months after
> the alleged onset date - there was evidence of
> medical improvement. The claimant was walking
> approximately 14 miles each week. There were
> also fewer signs/findings of swollen joints, and
> rarely did Dr. Kaine identify the degree of swelling
> in these joints. The claimant complained of only
> "minor" malaise, and her treating doctor did not
> take the time to detail any limitations with
> fine/gross manipulation, handling, walking, etc.
> To be sure, some magnetic resonance images
> (MRIs) noted some synovitis and mildly increased
> signal in the carpal tunnel of the right
> extremity...[but] the claimant told her doctor in
> August 2014 that she wanted to remain on the same
> "conservative course" she had been on throughout
> 2014. The claimant rated her pain in 2014 as no
> worse than a four on a pain scale of one to ten
> (Exhibits 2F and 3F). Hence, the Administrative
> Law Judge finds that the 2014 [treatment records]
> do[] not align with the claimant's allegations of
> disabling limitations.
>
> Furthermore, throughout 2015, Dr. Kaine routinely
> noted complaints of only "mild" morning stiffness.

There was, at most, 1+ synovitis in the [right] wrist and the claimant's symptoms throughout the first part of the year were "stable." The claimant typically rated her pain as a two on a pain scale of one to ten. To be sure, by late 2015 the claimant was alleging pain as severe as a six to seven....Pascal Bordy, M.D., performed a consultative examination in June 2015, and he noted subjective pain complaints in the right wrist. There was also evidence of diminished, 4/5 grip strength, though all other clinical signs/findings were normal. Despite the diminished grip strength, the claimant was able to hold a pen, sign her name, and turn a knob (Exhibit 5F). Thus, the undersigned finds that the claimant's allegations of disabling symptoms and limitations in 2015 find no ally in the evidence at Exhibits 3F, 5F, 6F, and 7F.

...[B]y November and December 2015, the claimant was finally alleging pain symptoms that were more severe than a two to four on a one to ten scale....However, by February 2016 the claimant's pain was back to a four, morning stiffness was "mild," and there was "no obvious synovitis." At around this point, Dr. Kaine introduced Xeljanz to the treatment regimen which appeared to provide some relief. By June 2016, pain was again at a two on a one to ten pain scale, and in August 2016 the treating rheumatologist identified "substantial improvement." With the last treatment visit, dated December 27, 2016, the doctor noted that a treatment regimen consisting of Xeljanz, Humira, etc., had been working, while the claimant again admitted her pain was a two on pain scale of one to ten (Exhibits 7F and 8F).

Thus, the law judge adequately explained his finding that Dr. Kaine's opined extreme limitations are not consistent with his treatment records.

Moreover, the law judge identified activities of daily living that are inconsistent with Dr. Kaine's opinion of extreme functional limitations (Tr. 25). See Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming a law judge's rejection of a very restrictive opinion based in part on its inconsistency with the plaintiff's own testimony regarding her daily activities); Forrester v. Commissioner of Social Security, 455 Fed. Appx. 899, 901 (11th Cir. 2012) (a law judge does not need to give a treating physician's opinion considerable weight if the claimant's daily activities contradict the opinion); 20 C.F.R. 404.1529(c)(3)(i) (law judge is to consider daily activities in determining the extent to which a claimant's symptoms diminish the capacity for basic work activities). Thus, the law judge noted, among other things, that the plaintiff was able to do personal care, shop, drive and travel long distances (Tr. 25). The plaintiff also started in October 2015 a side business in which she hosted parties selling stick-on manicures (see Tr. 40–41, 54–55). Although this evidence does not mean the plaintiff is without functional limitations, the law judge could reasonably conclude that her

activities are inconsistent with Dr. Kaine's opinion that the plaintiff is essentially disabled.

In sum, the law judge stated ample cause for discounting Dr. Kaine's opinions that the plaintiff is essentially disabled, and that finding is supported by substantial evidence. See Hargress v. Social Security Administration, Commissioner, supra, 883 F.3d at 1302 (Good cause to reject a treating physician's opinion exists when that opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records.). The plaintiff did not acknowledge and, therefore, she certainly did not undermine, the law judge's explanation for discounting Dr. Kaine's opinions.

The plaintiff makes an undeveloped and cursory objection that the law judge erred in accepting the opinion of reviewing physician Dr. Baltazar over those of Dr. Kaine (Doc. 21, p. 6). However, it is well established that a law judge may credit the opinions of non-examining reviewing doctors over those of a treating physician when, as here, good cause is stated for discounting the treating physician's opinion. See Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986); Forsyth v. Commissioner of Social Security, 503 Fed. Appx. 892, 893 (11th Cir. 2013); Forrester v.

Commissioner of Social Security, supra, 455 Fed. Appx. at 902–03; Oldham v. Schweiker, 660 F.2d 1078, 1086 (5th Cir. 1981).

The plaintiff argues that Dr. Kaine's opinions also should have been accepted because Dr. Kaine specializes in rheumatology, whereas Dr. Baltazar allegedly specializes in obstetrics and gynecology (Doc. 21, p. 6). A physician's specialty is only one of several factors the law judge considers in determining the weight given to opinion evidence. See 20 C.F.R. 404.1527(c). Other factors include the supportability of the medical opinions, and their consistency with the record. §§404.1527(c)(3), (4). The law judge "considered [the] opinion evidence in accordance with the requirements of 20 CFR 404.1527" (Tr. 23), and found that the latter factors undermine Dr. Kaine's opinions.

The plaintiff also argues that Dr. Baltazar's July 2015 opinion is outdated because it precedes the law judge's decision by two years (Doc. 21, p. 7). However, Dr. Kaine's most recent opinion is more current by only two months (see Tr. 263). Therefore, that circumstance does not compel acceptance of Dr. Kaine's opinions over that of Dr. Balatzar's. Furthermore, the law judge addressed in the decision the date of Dr. Baltazar's opinion, stating that she found it probative because "there has been little change in this

pattern of treatment and examination signs/findings" (Tr. 25). Therefore, the law judge adequately explained why Dr. Baltazar's opinions were not outdated.

Finally, the plaintiff argues that "[t]here was no good reason to reject [Dr. Kaine's] opinion regarding [the plaintiff's] ability to stand/walk, handle and finger" (Doc. 21, p. 9). In this regard, she refers to notations from a few of Dr. Kaine's treatment notes (id., pp. 7–8). However, those references do not undermine the good cause stated by the law judge for discounting Dr. Kaine's opinions.

Specifically, the plaintiff identifies from treatment notes her reports of general aches and pains, and that she had a pain level of two, on a scale of one to ten (id., p. 8). However, those comments clearly do not support Dr. Kaine's opinion of disabling limitations. The plaintiff also mentions treatment notes from November and December 2015, which indicate an increase in pain level, and joint swelling and joint tenderness. The law judge acknowledged in the decision that the plaintiff experienced a period of increased symptoms, but that the symptoms subsided relatively quickly, and that there was improvement in February 2016. Additionally, the plaintiff notes that she reported to Dr. Kaine in April 2016 that she had difficulty

grasping items, combing hair, and dressing, and mild difficulty with personal hygiene (Doc. 21, p. 7). The law judge, however, explained that the plaintiff substantially improved after starting a regimen of Xeljanz medication (Tr. 25). See Belle v. Barnhart, 129 Fed. Appx. 558, 559–60 (11th Cir. 2005) (appropriate to consider the improvement in the claimant's condition with medication). Moreover, the law judge did not fully credit the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" (Tr. 24), and that credibility determination is unchallenged. Therefore, the law judge was not required to accept the plaintiff's subjective reports of extreme symptoms in determining the weight to give Dr. Kaine's opinion. See Majkut v. Commissioner of Social Security, 394 Fed. Appx. 660, 664 (11th Cir. 2010) (discounting the weight given to a treating physician in part because the opinion was based on the plaintiff's subjective complaints which the law judge found were not credible).

        In all events, the plaintiff has not identified any evidence which compelled the law judge to accept Dr. Kaine's opinion. See Adefemi v. Ashcroft, supra, 386 F.3d at 1027 ("finding of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to

justify a reversal of the administrative findings"). Therefore, the law judge stated good cause for discounting Dr. Kaine's opinions of debilitating physical functional limitations, and that determination is supported by substantial evidence. Accordingly, the plaintiff's first contention fails.

B.  The plaintiff's second argument is that "The Appeals Council erred in not complying with Social Security Ruling 11-1p" (Doc. 21, p. 9). That ruling governs the submission of new and material evidence to the Appeals Council while a claim is pending before the Appeals Council. See SSR 11-1p, 2011 WL 3962767. This claim is baseless.

The pertinent regulations state that the Appeals Council reviews a case if it receives additional evidence that is "new, material and relates to the period on or before the date of the hearing decision and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. 404.970(a)(5). A disability claim must be "pending at the Appeals Council" when the information is obtained. 2011 WL 3962767 at *2.

The plaintiff speculates that 11 pages of treatment records from the Sarasota Arthritis Center, dated March 20, 2018 to May 22, 2018 ("the 2018 records") may be material to the denial of this claim, so that the Appeals

Council violated SSR 11-1p in connection with those records (id., p. 10). However, as the defendant argues, the plaintiff has not shown that SSR 11-1p is even applicable because there is no evidence that the Appeals Council possessed the 2018 records during the pendency of this appeal. See 2011 WL 3962767 at *2 (a disability claim must be "pending at the Appeals Council" when the information is obtained). Thus, the defendant, in correspondence dated October 9, 2018, informed the plaintiff's attorney that "[t]he Council has now received additional evidence concerning this case" (i.e., the 2018 records) (Doc. 21-1, p. 1) (emphasis added). That was about five months after the Appeals Council denied review in this case on April 27, 2018 (Tr. 1). In fact, it was not possible that the Appeals Council had the 2018 records during the pendency of this claim because those records included treatment notes dated May 22, 2018, three weeks after the Appeals Council denied the plaintiff's request for review.

Thus, as the Commissioner argues, SSR 11-1p is not applicable because new evidence was not submitted while the claim was still pending before the Appeals Council. Not only is there no showing that evidence had been submitted before the Appeals Council denied review on April 27, 2018,

but the evidence relied upon demonstrates that it was submitted after that date.

Finally, the point of this contention is puzzling. The plaintiff wants this Court to have the Appeals Council answer certain questions. The plaintiff, however, has not presented any authority for such relief. The judicial review provision in 42 U.S.C. 405(g) only authorizes this Court to "affirm[ ], modify[ ] or revers[e] the decision of the Commissioner." The Court has no authority to send interrogatories to the Commissioner.

Moreover, the plaintiff's purpose seems to be to show some inconsistency between the unfavorable decision in this case and the favorable decision on a subsequent application. That endeavor would be unproductive (Doc. 21, pp. 10–11). As the Eleventh Circuit explained in Hunter v. Social Security Administration, Commissioner, supra, 808 F.3d at 822:

> In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate. Because of that possibility, the mere existence of a

later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the factfindings upon which it was premised.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of September, 2019.

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE